# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

Christina L.,

      **Plaintiff,**

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

      **Defendant.**

CIVIL ACTION NO. 2:22-cv-452

## *MEMORANDUM OPINION & ORDER*

This matter comes before the Court on Christina L.'s[1] ("Plaintiff") Objections to the Report and Recommendation ("R & R") of the Magistrate Judge dated November 3, 2023. ECF No. 16 ("Pl.'s Obj."). For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Plaintiff's Objections are **OVERRULED**, and the decision of the Commissioner is **AFFIRMED**. Accordingly, the Commissioner's Motion for Summary Judgment, ECF No. 13, is **GRANTED**, Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's November 3, 2023, R & R. ECF No. 23 ("R & R"). On December 27, 2019, Plaintiff filed for disability insurance benefits ("DIB"). Admin. R. 15, ECF No. 7 ("R."). Plaintiff alleged disability beginning December 19, 2019, *id.*, based on anxiety, mild traumatic brain injury ("TBI"), irritable bowel syndrome ("IBS"), bilateral intermittent tinnitus, chronic migraine headaches, lower back nerve

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, given significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

damage, pinched nerves in the neck, cognitive issues, fibromyalgia, and sleep apnea. *Id.* at 99–100. The state agency denied her application initially and on reconsideration. *Id.* at 15. Plaintiff then requested an administrative hearing, which was held on February 3, 2022. *Id.* Counsel represented Plaintiff at the hearing, and a vocational expert testified. *Id.*

On March 16, 2022, the Administrative Law Judge ("ALJ") denied Plaintiff's claims for DIB, finding she was not disabled during the period alleged. *Id.* at 12. The ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and determined Plaintiff's Residual Functional Capacity ("RFC"). *Id.* at 20. In finding Plaintiff's RFC, the ALJ evaluated the opinion of Dr. Maria Raciti, one of Plaintiff's treating providers, and considered her opinion alongside other objective medical evidence. *Id.* at 33–35. Plaintiff consulted with Dr. Raciti for mental health treatment from January 9, 2020, to November 24, 2021. *Id.* at 3285–3337. Dr. Raciti's treatment notes often described Plaintiff's cognitive functions as compromised because of her TBI and her behavior ranging from "appropriate to context" to "mood varies." *Id.*

On January 14, 2022, Dr. Raciti completed a checkbox form mental health assessment of Plaintiff where she stated Plaintiff showed signs and symptoms of depressive disorder, bipolar disorder, anxiety disorder, trauma and stressor-related disorder, and neurocognitive disorders. *Id.* at 3433–60. Ultimately, the ALJ determined that Plaintiff retained the RFC to perform sedentary work with certain limitations. *Id.* at 20. Although Plaintiff could not perform her past relevant work as a procurement clerk, general clerk, and appointment clerk, she could perform sedentary jobs within the national economy, subject to a few limitations. *Id.* at 38–39.

On September 8, 2022, the Appeals Council denied Plaintiff's request for review. *Id.* at 1–3. On October 28, 2022, Plaintiff filed her complaint in this Court. ECF No. 1. Plaintiff seeks judicial review of the Commissioner's final decision that she was not entitled to an award of DIB, claiming that "[t]he agency committed error of law by denying [the] Appeals Council review of the decision by

the [ALJ]," and "[t]he conclusions and findings of fact of the [Commissioner] are not supported by substantial evidence and are contrary to law and regulation." *Id.* at ¶¶ 4, 8. On March 2, 2023, this Court entered an Order referring this action to United States Magistrate Judge Douglas E. Miller to conduct hearings, and submit proposed findings of fact, if applicable, and recommendations for the disposition of this matter pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 8.

On March 2, 2023, Magistrate Judge Miller entered an order scheduling summary judgment briefing. ECF No. 9. On March 27, 2023, Magistrate Judge Miller entered an Amended Scheduling Order, extending the relevant deadlines. ECF No. 11. On April 27, 2023, Plaintiff filed her Brief in Support of a Social Security Appeal. ECF No. 12 ("Pl.'s Brief"). On May 30, 2023, Commissioner filed a Brief in Support of the [Commissioner's] Decision Denying Benefits and Opposition to Plaintiff's Brief. ECF No. 13 ("Comm'r's Brief"). On June 2, 2023, Plaintiff filed her reply. ECF No. 14 ("Pl.'s Reply").

On November 3, 2023, Magistrate Judge Miller filed his R & R in which he recommended the Commissioner's Motion for Summary Judgment be granted, Plaintiff's Motion for Summary Judgment be denied, and the Commissioner's decision be affirmed. R & R at 25. On November 17, 2023, Plaintiff filed the instant Objections to the R & R. On November 30, 2023, the Commissioner filed a response to Plaintiff's Objections. ECF No. 17 ("Comm'r's Resp."). Accordingly, this matter is now ripe for disposition by the Court.

## II.    LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Title 28 U.S.C. § 636(b)(1), which provides district judges with the authority to refer such matters to a magistrate judge, "does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate

3

judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Additionally, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review" and the Court need only review the Report & Recommendation for "clear error." *Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (citations omitted); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

### III.   DISCUSSION

Plaintiff raises three related objections to the Magistrate Judge's findings on the ALJ's evaluation of Dr. Maria Raciti's opinions. Pl.'s Obj. at 1. First, Plaintiff argues that the Magistrate Judge erred in accepting the ALJ's finding because the ALJ did not adequately evaluate and sufficiently explain his analysis of the supportability factor in his decision. Pl.'s Obj. at 1–2. Second, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly addressed the supportability factor in his decision, finding Dr. Raciti's opinion unpersuasive. *Id.* at 2–3. Last, Plaintiff argues that the Magistrate Judge erred in accepting the ALJ's finding that Dr. Raciti's treatment notes did not support her opinion because "there were no specific examination findings." *Id.* at 3–4.

The Court finds that these purported errors are unfounded and ultimately offered in an attempt to relitigate arguments raised on summary judgment, which the Magistrate Judge already addressed in his R & R. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Nichols*, 100 F. Supp. 3d at 497. Because Plaintiff fails to properly object to the Magistrate Judge's disposition, the Court reviews the Magistrate Judge's findings for clear error rather than *de novo*. Fed. R. Civ. Proc. 72(b)(3); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) (reviewing for clear error because "[a]llowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting

4

*Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *accord Lee*, 2019 WL 3557876, at *1.

Plaintiff first argues that the Magistrate Judge erred in finding the ALJ's evaluation of Dr. Maria Raciti's opinion reasonable. Pl.'s Obj. at 1–2. Plaintiff contends that the ALJ's finding failed to evaluate the supportability factor in his analysis of Dr. Raciti's opinion. *Id.* In addition, Plaintiff asserts that the ALJ failed to mention how consideration of the supportability factor led him to find Dr. Raciti's opinion unpersuasive. *Id.* Therefore, Plaintiff contends that the Magistrate Judge erred in adopting the ALJ's evaluation of Dr. Raciti's opinion without considering whether the ALJ properly evaluated the supportability factor. *Id.*

Under 20 C.F.R. §§ 404.1520(c)(a) and 416.920c(a), "the ALJ is not to defer to or give any specific weight to medical opinions based on their source." *Cody v. Comm'r of Soc. Sec. Admin.*, No. 9:20-CV-02620-JD-MHC, 2021 WL 6012228, at *3 (D.S.C. Oct. 27, 2021), *report and recommendation adopted sub nom. Belinda C. v. Comm'r of Soc. Sec.*, No. 9:20-CV-02620-JD-MHC, 2021 WL 6011067 (D.S.C. Dec. 17, 2021). Rather, the ALJ evaluates the persuasiveness of the opinion evidence by considering five factors: 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) other factors that tend to support or contradict the opinion. *Id.* Supportability and consistency are the most important factors, and an ALJ must explain how these factors led to his or her decision. *Id.* "The supportability factor relates to the extent to which a medical source has articulated support for the medical source's own opinion. The consistency factor relates to the relationship between a medical source's opinion and other evidence within the record." *Id.* at *4. "Although these amended regulations do away with the idea of assigning 'weight' to medical opinions, the ALJ's reasons for finding the opinion of a medical source unpersuasive still must be supported by substantial evidence." *Id.* An ALJ must "include a narrative discussion describing how the evidence supports each conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

5

In this case, these arguments face two critical errors. First, Plaintiff's pleadings reveal that her objection to the R & R is a veiled "rehashing of the arguments raised in [her] Motion for Summary Judgment." *Nichols*, 100 F. Supp. 3d at 497. Indeed, in objecting, Plaintiff offers that the ALJ failed to properly evaluate Dr. Raciti's opinion under the supportability factor, as 20 C.F.R § 404.1520(c)(1) requires, which is a nearly identical, truncated version of the argument she presented on summary judgment. Pl.'s Obj. at 1–2 ("Plaintiff asserted that this fact does not undermine the supportability of Dr. Raciti's opinion, and that the ALJ's analysis mentioned nothing which adequately explains how consideration of the factor of supportability could have led him to find Dr. Raciti's opinion unpersuasive."). Plaintiff recycles much of the same arguments. *Compare, e.g.*, Pl.'s Obj. at 1–2, *with, e.g.*, Pl.'s Brief at 16 ("While the rationale addresses the factor of consistency, the ALJ makes no reference to anything within Dr. Raciti's report which would call its supportability into question."). Second, Plaintiff fails to account for the other record evidence that the Magistrate Judge reviewed and relied on in adopting the ALJ's evaluation of Dr. Raciti's opinion. The Magistrate Judge not only engaged in a thorough analysis of the ALJ's decision but also reviewed Dr. Raciti's contemporaneous treatment records to evaluate the ALJ's assessment of the persuasiveness of Dr. Raciti's opinion. *See* R. & R. at 19–25.

As part of this review, the Magistrate Judge properly noted that Dr. Raciti provided her opinion in a check box format, and the marked limitations she assessed are not attributed to any medical evidence. R & R at 24. In other words, the Magistrate Judge did not engage in any post-hoc reasoning to "cure" any defects in the ALJ's analysis but rather applied the proper legal standard in evaluating the cross-motions for summary judgment. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Ultimately, the Court finds that the Magistrate Judge sufficiently and independently reviewed the ALJ's finding that Dr. Raciti's opinion evidence was unpersuasive. The ALJ explains that Dr. Raciti's opinion was not persuasive with sufficient reference to the supportability factor by cross-referencing to other parts of the record. R & R at 23. Furthermore, the Magistrate Judge explains that

6

the ALJ's finding is supported by substantial record evidence, given that no objective medical evidence substantiated Dr. Raciti's opinion. R & R at 24 ("Although Dr. Raciti's treatment notes include the abovementioned reports, Dr. Raciti did not perform objective medical examinations . . . Dr. Raciti's notes document broad, blanket statements, that fail to provide a meaningful insight into Plaintiff's limitations."). Therefore, the Court finds that the Magistrate Judge correctly held that substantial evidence supported the ALJ's decision.

For the reasons stated above, Plaintiff's second objection also fails. Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly addressed the supportability factor in his decision, finding Dr. Raciti's opinion unpersuasive. Pl.'s Obj. at 2–3. Plaintiff contends that the ALJ was required to explain how the supportability factor rendered the opinion unpersuasive rather than making a conclusory statement. *Id.* However, as the Commissioner stated that Plaintiff's claim is "an improper request that this Court reweigh the evidence that the ALJ already considered in full compliance with the regulations." Comm'r's Resp. at 6. This objection reveals another unfounded rehashing attempt. *Compare* Pl.'s Objs. at 2–3 ("Plaintiff asserts that the ALJ's conclusory statement may not suffice as an explanation, and his failure to adequately address the evidence relevant to the factor of supportability has yielded an analysis which fails to satisfy the regulations."); *with* Pl.'s Brief at 10 (The ALJ "mentions nothing which undermines supportability . . . to question Dr. Raciti's opinion.").

Plaintiff contends that the ALJ's conclusory statements impacted the Magistrate Judge's ability to engage in meaningful review. Pl.'s Obj. at 3; *Daisy F. v. Kijakazi*, No. 2:21-CV-563, 2022 WL 18936086, at *6 (E.D. Va. Dec. 15, 2022), *report and recommendation adopted sub nom. Carl F. v. Kijakazi*, No. 2:21CV563, 2023 WL 2352827 (E.D. Va. Mar. 3, 2023). However, the Magistrate Judge reviewed the ALJ's narrative, which the ALJ explained why Dr. Raciti's opinion was unpersuasive. *See* R & R at 21–22. Therefore, the Magistrate Judge did not err in finding that the

ALJ sufficiently reviewed and addressed the supportability factor in his analysis of Dr. Raciti's opinion.

Finally, Plaintiff's third objection fails for similar reasons as stated above. Plaintiff contends that the Magistrate Judge erred in accepting the ALJ's finding that Dr. Raciti's treatment notes did not support her opinion because "there were no specific examination findings." Pl.'s Obj. at 3–4. Specifically, Plaintiff argues that Dr. Raciti's treatment notes support her opinion because they document a significant decline in Plaintiff's mental capabilities. *Id.* As noted from the record, the ALJ properly considered Dr. Raciti's treatment notes and compared her findings to other providers. R & R at 21–22. The Magistrate Judge explained how the record demonstrates that the ALJ found Dr. Raciti's opinion unpersuasive because it lacked objective evidence, including formal testing. R & R at 23. Further, the Magistrate Judge stated, "Despite Dr. Raciti's failure to cite specific treatment notes, the ALJ did, and he highlighted areas where the treatment notes fail to support the checkbox assessment." R & R at 24.

In short, the Court finds no evidence to support Plaintiff's contention that the Magistrate Judge committed any error. *Veney*, 539 F. Supp. 2d at 846. Therefore, the Court finds that the Magistrate Judge did not err in concluding that the ALJ correctly weighed all evidence in the record, in light of both the supportability and consistency factors, before finding Dr. Raciti's opinion of Plaintiff's conditions unpersuasive. R & R at 21. In addition, the ALJ did not cherry-pick facts to support his finding while ignoring other conflicting evidence but relied on substantial evidence in the record to support his conclusions. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.").

## IV.    CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's

objections, and they are therefore **OVERRULED**. ECF No. 16. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the United States Magistrate Judge Miller R & R filed on November 3, 2023. ECF No. 15. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED**, ECF No. 13, Plaintiff's Motion for Summary Judgment is **DENIED**, ECF No. 12, and the Final Decision of the Commissioner is **AFFIRMED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February  *1*  , 2024

Raymond A. Jackson
United States District Judge